# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CIVIL CASE NO. 5:17-cv-00040-KDB
### (CRIMINAL CASE NO. 5:14-cr-00067-KDB-DCK-1)

| | |
|---|---|
| DASHAWN RAQUAN HUNT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on initial review of the Petitioner's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and of Petitioner's Supplemental Memorandum in Support of Section 2255 Motion [CV Doc. 9]. The Petitioner is represented by Joshua Carpenter and Caryn Devins Strickland of the Federal Defenders of Western North Carolina.

**I.    BACKGROUND**

On October 23, 2014, Petitioner Dashawn Raquan Hunt ("Petitioner") was charged in a Bill of Indictment with two counts of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951 (Counts One and Six); two counts of aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2 (Counts Two and Seven); two counts of aiding and abetting the use, carrying, and brandishing of a firearm in furtherance of a crime of violence, that is aiding and abetting Hobbs Act robbery as charged in Counts Two and Seven, in violation of 18 U.S.C.

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 5:17-cv-00040-KDB, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 5:14-cr-00067-KDB-DCK-1.

§§ 924(c) and 2 (Counts Three and Eight); one count of carjacking in violation of 18 U.S.C. § 2119 (Count Four); and one count of using, carrying, and brandishing a firearm in furtherance of a crime of violence, that is carjacking as charged in Count Four, in violation of 18 U.S.C. § 924(c)(1) (Count Five). [CR Doc. 1: Bill of Indictment].

On April 21, 2015, Petitioner and the Government entered into a Plea Agreement, pursuant to which Petitioner agreed to plead guilty to Counts Two, Three, Four, and Seven and the Government agreed to dismiss Counts One, Five, Six, and Eight. [CR Doc. 46 at 1: Plea Agreement]. On August 30, 2015, Petitioner pleaded guilty in accordance with the Plea Agreement. [CR Doc. 54: Entry and Acceptance of Guilty Plea].

Petitioner's sentencing hearing was held on April 7, 2016. The Court sentenced Petitioner to 108 months on each of Counts Two, Four, and Seven, to be served concurrently, and a term of 84 months on Count Three, to be served consecutively to the terms imposed on every other count, for a total term of 192 months' imprisonment. [CR Doc. 84 at 2: Judgment]. Judgment on this conviction was entered on April 11, 2016. [Id.]. Petitioner did not file a direct appeal from this Judgment.

On February 23, 2017, Petitioner filed a pro se Motion to Vacate Sentence under 28 U.S.C. § 2255, on the ground that his conviction on Count Three under 18 U.S.C. § 924(c) is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). [See CV Doc. 1 at 4]. On February 28, 2017, the Court ordered the Federal Defenders of Western North Carolina to file a supplement to Petitioner's motion to vacate or a notice that it does not intend to enter an appearance in this action. [CV Doc. 2]. On March 20, 2017, the Court granted Petitioner's motion to hold the case in abeyance pending the Supreme Court's decision in Lynch v. Dimaya, No. 15-1498. [CV Doc. 4]. On March 7, 2019, after the Supreme Court's decision in Dimaya, the Court granted Petitioner's

motion to continue holding the case in abeyance pending the Supreme Court's decision in United States v. Davis, No. 18-431. [CV Doc. 7]. The Court ordered that Petitioner shall have 30 days from the decision in Davis to file a supplement to Petitioner's pro se motion to vacate. [Id.]. The Supreme Court decided Davis on June 24, 2019. On June 26, 2019, the Court lifted the stay by text order and ordered the parties to follow the deadlines previously set forth in the Court's March 7, 2019 Order. On December 30, 2019, with the Petitioner not having filed a supplement to Petitioner's pro se motion to vacate, the Court ordered that Petitioner's counsel shall have up to and including January 15, 2020 to file a supplement to Petitioner's pro se motion. Petitioner, through counsel, filed a supplemental memorandum to his pro se motion to vacate on January 13, 2020. [CV Doc. 9].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). The Petitioner claims he is entitled to relief on these grounds because, under Johnson, his conviction on Count Three was imposed in violation of the Constitution and laws of the United States. [See CV Doc. 1].

3

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

The Petitioner argues his § 924(c) conviction is invalid under Johnson. Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

Over two years after the Petitioner filed his motion to vacate, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, Petitioner's conviction on Count Three is valid only if aiding and abetting Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)'s force clause.

Petitioner argues that aiding and abetting Hobbs Act robbery is not a "crime of violence"

4

"because, like conspiracy [to commit Hobbs Act robbery], it does not 'invariably require the actual, attempted, or threatened use of force.'" [Doc. 9 at 2 (quoting United States v. Simms, 914 F.3d 229, 233-34 (4th Cir. 2019)]. This argument, however, is legally unsupported.

Aiding and abetting is not itself a federal offense, but merely "describes the way in which a defendant's conduct resulted in the violation of a particular law." United States v. Ashley, 606 F.3d 135, 143 (4th Cir. 2010); see 18 U.S.C. § 2(a) (providing that "[w]hoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal"). United States v. Barefoot, 754 F.3d 226, 239 (4th Cir. 2014); United States v. Jaensch, 665 F.3d 83, 96 (4th Cir. 2011) ("Under 18 U.S.C. § 2(b), individuals who aid, abet, command, or induce a crime are punishable as principals.").

"Because an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all of the elements of a principal Hobbs Act robbery." In re Colon, 826 F.3d 1301, 1305 (11th Cir. 2016). Recently, the Fourth Circuit concluded that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). Aiding and abetting Hobbs Act robbery, therefore, also qualifies as a crime of violence under the force clause of Section 924(c). In re Colon, 826 F.3d at 1305; United States v. Grissom, 760 Fed. App'x 448, 454 (7th Cir. 2019) (holding that, because aiding and abetting is an alternative theory of liability for an offense, one who aided and abetted a Hobbs Act robbery still committed a predicate crime of violence under § 924(c)); United States v. McKelvey, 773 Fed. App'x 74, 75 (3d Cir. 2019) (same). As such, Petitioner's § 924(c) conviction predicated on aiding and abetting Hobbs Act robbery is valid.

The Court will, therefore, deny Petitioner's § 2255 motion to vacate.

## IV. CONCLUSION

Having concluded that Petitioner's conviction under § 924(c) is valid and that Petitioner has not presented a colorable claim for relief under Section 2255, the Court will deny and dismiss Petitioner's motion.

**IT IS, THEREFORE ORDERED** that:

(1) Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: January 14, 2020

Kenneth D. Bell
United States District Judge